**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT GLICK, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:22-cv-02604-PKC-MMH |
| Plaintiff, | CLASS ACTION |
| vs. | |
| ARQIT QUANTUM INC. F/K/A CENTRICUS ACQUISITION CORP., DAVID WILLIAMS, NICK POINTON, CARLO CALABRIA, STEPHEN CHANDLER, MANFREDI LEFEBVRE D'OVIDIO, VERALINN JAMIESON, GARTH RITCHIE, AND STEPHEN WILSON, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT**
**MICHAEL POWELL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF SELECTION OF COUNSEL**

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. SUMMARY OF THE COMPLAINT.................................................................................. 2

III. ARGUMENT ...................................................................................................................... 3

    A.  Powell Should Be Appointed Lead Plaintiff........................................................... 3

        1.  Powell's Motion is Timely............................................................................. 4

        2.  Powell Possesses the Largest Financial Interest ........................................... 4

        3.  Powell Otherwise Satisfies Rule 23 .............................................................. 5

    B.  Powell's Selection of Counsel Should Be Approved ............................................. 6

IV. CONCLUSION.................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012) .......................................................................................... 6

*Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*,
   No. 19 CV 1108 (FB)(LB),
   2019 WL 7287202 (E.D.N.Y. May 24, 2019) ...................................................................... 5, 6

**STATUTES, RULES AND OTHER AUTHORITIES**

15 U.S.C. § 78u-4(a)(3)(A)(i) ................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(i) ................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................ 1, 2, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ....................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................... 2, 7

Fed. R. Civ. P. 23 .................................................................................................................. 5, 6

Movant Michael Powell ("Powell") respectfully submits this memorandum of law in support of his motion for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.*, and for approval of his selection of Johnson Fistel, LLP ("Johnson Fistel") as lead counsel for the proposed class (the "Motion").

## I.    INTRODUCTION

This case is a federal securities class action brought on behalf of: (i) all persons or entities who purchased or otherwise acquired Arqit Quantum Inc. ("Arqit" or the "Company") (f/k/a Centricus Acquisition Corp. ("Centricus")) securities between September 7, 2021 and April 18, 2022, inclusive (the "Class Period"); and/or (ii) all holders of Centricus securities as of the record date for the special meeting of shareholders held on August 31, 2021 to consider approval of the merger between Arqit and Centricus (the "Merger") and entitled to vote on the Merger.  The complaint charges Arqit and certain of its executive officers and directors with violations of §§ 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 and SEC Rules 10b-5 and 14a-9. As such, this action is governed by the PSLRA.

Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  The Court is to appoint the movant making a timely motion under the PSLRA's sixty-day deadline, who asserts the largest financial interest in the litigation, and who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Accordingly, here, Powell should be appointed lead plaintiff because he: (1) timely filed this Motion; (2) has the largest financial interest in the outcome of this litigation; and (3) is typical and will adequately represent the putative class's interests. *See Id.*

- 1 -

The PSLRA also vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Because Johnson Fistel is a leading securities class action law firm and has earned a reputation for excellence in shareholder rights litigation, the Court should approve Powell's choice of the firm to serve as lead counsel.

## II.      SUMMARY OF THE COMPLAINT

Arqit is purportedly a cybersecurity company that has pioneered a unique quantum encryption technology. Arqit claimed its quantum encryption technology would be secure against current and future forms of cyberattacks, including from a quantum computer.

Plaintiff alleges that defendants made false and/or misleading statements and/or failed to disclose that: (i) Arqit's proposed encryption technology would require widespread adoption of new protocols and standards for telecommunications; (ii) British cybersecurity officials questioned the viability of Arqit's proposed encryption technology in a meeting in 2020; (iii) the British government was not an Arqit customer but, rather, was providing grants to Arqit; (iv) Arqit had little more than an early-stage prototype of its encryption system at the time of the Merger; and (v) as a result, defendants' statements about its business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On April 18, 2022, *The Wall Street Journal* published a story entitled: "British Encryption Startup Arqit Overstates Its Prospects, Former Staff and Others Say." The story revealed, among other things, that Arqit's "signature product was an early-stage prototype unable to encrypt anything in practical use," Arqit's encryption technology "might never apply beyond niche uses, numerous people inside and outside the company warned, unless there were a major overhaul of internet protocols," "British cybersecurity officials questioned the viability of Arqit's proposed approach to encryption technology," "[t]he U.S. National Security Agency and the [National

Counterintelligence and Security Center] published separate assessments in recent years warning against using satellite-based encryption systems like those Arqit is proposing," "[t]he encryption system . . . depends on the broad adoption of new protocols and standards for telecommunications, cloud computing and internet services that currently aren't widely supported," and that "[t]he people familiar with the matter said that the bulk of [Arqit's] committed revenue isn't from selling its product and that at its public launch, [Arqit] had little more than an early-stage prototype of its encryption system."

On this news, Arqit's share price fell $2.57 per share, or 17%, to close at $12.49 per share on April 18, 2022, damaging investors.

## III.  ARGUMENT

### A.  Powell Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff.  First, "[n]ot later than twenty (20) days" after the initial complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "no later than sixty (60) days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Here, Powell meets each of these requirements and should be appointed lead plaintiff and permitted to select lead counsel for the class, subject to Court approval.

### 1.    Powell's Motion is Timely

The statutory notice published on May 6, 2022, advised class members of the pendency of this action, the claims asserted therein, the proposed class definition, and the right to move the Court to be appointed as lead plaintiff within sixty days, or by July 5, 2022. *See* Declaration of Ralph M. Stone in Support of Movant Michael Powell's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Stone Decl."), filed herewith, Exh. A (PSLRA Press Release).

Because this Motion is being filed on July 5, 2022, it is timely, and Powell is entitled to be considered for appointment as lead plaintiff.

### 2.    Powell Possesses the Largest Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Powell suffered $10,029 in estimated PSLRA losses as a result of purchasing 750 Arqit shares during the Class Period. *See* Stone Decl., Exh. B (PSLRA Certification) and Exh. C (Financial Interest Calculation). Accordingly, Powell has a substantial financial interest in directing this litigation and recovering losses attributable to defendants' alleged violations of the federal securities laws. To the best of his counsel's knowledge, there are no other plaintiffs or

movants with larger financial interests in this litigation.  Therefore, Powell satisfies the PSLRA's

prerequisite of having the largest financial interest.

### 3.      Powell Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).   Rule 23 requires that "the claims or defenses of the

representative parties are typical of the claims or defenses of the class; and [that] the representative

parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)–(4).

At the lead plaintiff stage, movants are only required to make a *prima facie* showing of typicality

and adequacy.  *Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc*., No. 19 CV

1108 (FB)(LB), 2019 WL 7287202, at *3 (E.D.N.Y. May 24, 2019).

In determining whether a movant satisfies the "typicality" requirement, courts consider

whether its claims arise from the same conduct and same legal theory for the defendants' alleged

liability.  *Id.* at *4.  The typicality requirement is satisfied here because Powell seeks the same

relief and advances the same legal theories as other class members.  Indeed, like other class

members: (i) Powell purchased Arqit shares during the Class Period; (ii) his purchases were at

prices artificially inflated by defendants' false and misleading public statements; and (iii) he was

damaged thereby.  Powell's claims therefore arise from the same course of events and his legal

arguments to prove defendants' liability are identical to the balance of the class.

The adequacy element of Rule 23 is satisfied where the lead plaintiff can "fairly and

adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  Thus, in evaluating whether

Powell satisfies the adequacy requirement, the Court should consider whether "'class counsel is

qualified, experienced, and generally able to conduct the litigation; . . . the proposed lead plaintiff

has interests that are not antagonistic to other class members; and . . . the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims.'" *Teamsters Local Union No. 727 Pension Fund*, 2019 WL 7287202, at \*4 (quoting *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012)).

Here, Powell has retained counsel experienced in prosecuting securities class actions under the PSLRA. *See* section III(B), below. Additionally, no antagonism exists between his interests and those of the absent class members. Their interests are squarely aligned. Moreover, Powell has amply demonstrated his adequacy by signing the sworn PSLRA certification and declaration submitted herewith evidencing his willingness to serve as a representative party on behalf of the class, including testifying at deposition or trial, if necessary. *See* Stone Decl., Exh. B (PSLRA Certification) & Exh. D (Declaration of Michael Powell). Finally, Powell's sizable losses in connection with his investments in Arqit shares ensure that he has the incentive to vigorously pursue the claims against defendants.

Because Powell has the largest financial interest in the action and has made *a prima facie* showing of typicality and adequacy, he should be appointed lead plaintiff.

**B.      Powell's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Powell has selected Johnson Fistel to serve as lead counsel for the proposed class.

Johnson Fistel, with offices in New York, Georgia, and California, is a leading shareholder rights law firm and has earned a reputation for excellence and innovation in shareholder and complex litigation. The firm and its attorneys have been appointed as lead or co-lead counsel in shareholder litigation in both federal and state courts throughout the country and have successfully

litigated numerous such cases on behalf of injured investors.  *See* Stone Decl., <u>Exh. E</u> (Johnson Fistel Firm Resume).  In fact, courts and clients alike have praised Johnson Fistel and its attorneys for their capabilities in complex cases such as the present case.  *Id*.  There can be little doubt that as lead counsel, Johnson Fistel's extensive experience and track record of success in complex shareholder litigation like the present case, combined with its client-driven track record, will serve lead plaintiff and the class well.

Thus, the Court can be assured that by approving Powell's choice of Johnson Fistel as lead counsel, the putative class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

Accordingly, Powell respectfully requests that the Court appoint him as lead plaintiff and approve his selection of Johnson Fistel as lead counsel.

DATED:  July 5, 2022

**JOHNSON FISTEL, LLP**

*/s/ Ralph M. Stone*

Ralph M. Stone (RS-4488)
1700 Broadway, 41st Floor
New York, NY 10019
Telephone: (212) 292-5690
Facsimile: (212) 292-5680
RalphS@johnsonfistel.com

**JOHNSON FISTEL, LLP**
Michael I. Fistel, Jr.
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101
MichaelF@johnsonfistel.com

***Counsel for Movant Michael Powell***