# EXHIBIT D



845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS
MASSACHUSETTS

wolfpopper.com

### BIOGRAPHICAL SKETCH OF WOLF POPPER LLP

Wolf Popper LLP ("Wolf Popper" or "the Firm") is a nationally recognized law firm with decades of experience in the fields of securities, consumer, and ERISA class actions and securities derivative actions. Since the Firm was founded in 1945, Wolf Popper has been a leader in efforts to protect the interests of defrauded investors, consumers, and employees, prosecuting hundreds of actions under federal and state laws throughout the United States, and recovering billions for aggrieved parties.

The Firm also has a substantial practice in corporate and commercial law.   Wolf Popper's commercial litigation practice encompasses the representation of defendants as well as plaintiffs.   The Firm's corporate practice includes business transactions, employer/employee relations, and the law of foreign missions. Among the Firm's clients are domestic and international individuals and businesses, and foreign missions to the United Nations.

The Firm's members are active members in a variety of professional legal associations, including serving on or chairing a number of committees of such associations and they have written extensively on a variety of subjects for numerous professional associations and legal periodicals, including internationally. Many of the Firm's current and former members have held responsible positions in government both at the federal and the state level.   For example, Benedict Wolf (now deceased) was the First Secretary and Chief Trial Examiner of the National Labor Relations Board, and Martin Popper (now deceased) was a consultant to the U.S. Delegation to the Founding Conference of the United Nations and an observer at the Nuremberg war crimes trials.

Wolf Popper has an exemplary record in its representation of plaintiffs, and the skill and experience of the attorneys at the Firm have been repeatedly recognized by Courts throughout the country.   In recognition of its high standing at the bar, Courts have frequently appointed Wolf Popper to serve as lead or co-lead counsel in complex, multi-party actions, including securities, consumer, and ERISA actions.   Many of the Wolf Popper attorneys are regularly selected as New York "Super Lawyers"®.   This selection represents the top 5% of attorneys practicing in New York City.

Wolf Popper has achieved notable and significant successes over the years.   Some of the outstanding recoveries achieved and decisions obtained by the Firm are described below.

***Securities Actions***:

•      <u>Kirkland v. WideOpenWest, Inc.</u>, No. 653248/2018 (Sup. Ct. N.Y. Cnty.) was a securities class action in New York State Supreme Court alleging violations of Sections 11, 12, and 15 of the Securities Act of 1935 against Defendants WideOpenWest, Inc. ("WOW"), certain of its officers and directors, and the underwriters for WOW's May 2017 initial public offering ("IPO").   The Complaint alleged that Registration Statement and Prospectus for WOW's IPO contained materially misleading statements and omissions concerning   (i) WOW's "technologically advanced platform," and in particular, its much touted "Ultra DVR" product offering; (ii) WOW's maintenance of its customer quality by using internal customer information, identification verification tools, and credit bureau data; (iii) the status of WOW's build-out of its fiber network in Chicago; and (iv) WOW's overstatement of its goodwill and franchise operating rights.

Wolf Popper's client, the Employees Retirement System of the Puerto Rico Electric Power Authority ("ERS-PREPA"), was a co-Lead Plaintiff in the litigation, and Wolf Popper was co-Lead Counsel to the Class of WOW investors.   On May 18, 2020, the Court denied, in substantial part, the Defendants motion to dismiss. While Defendants' appeal of the Court's motion to dismiss order was pending and discovery was ongoing, the parties engaged in mediation and were able to agree to settle the litigation.   On January 20, 2022, the Court held a hearing in which it gave final approval of the $7,025,000 settlement.

WOLF
POPPER
LLP

845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS
MASSACHUSETTS

wolfpopper.com

Page -2-

- In <u>Martinek v. AmTrust Financial Services, Inc.</u>, Case No. 19-cv-8030 (KPF) (S.D.N.Y.), on August 14, 2020, Judge Katherine Polk Failla denied the defendants' motion to dismiss a securities fraud action prosecuted by Wolf Popper LLP on behalf of preferred stockholders of AmTrust Financial Services, Inc., a large insurance company.  The complaint filed by Wolf Popper described how AmTrust and three of its directors falsely assured the investing public that, unlike AmTrust's common shares, which would be delisted as part of a merger in which these three directors would be taking the company private, AmTrust preferred stock would continue to be listed on the New York Stock Exchange.  In rejecting the defendants' arguments, Judge Failla concluded that "[t]he fact of the matter is that, prior to the Merger, Defendants repeatedly assured investors that the preferred stock would remain listed, and then, less than two months after the transaction closed, decided to delist the preferred stock."  The Court found that the "professed reasons for delisting the stock…were known to the Individual Defendants before the Merger," a fact "only strengthen[ing] Plaintiff's argument this was a classic bait and switch." Settlement for $13 million has been reached and filed with the Courtt.

- In <u>Jackson v. Microchip Technology Inc.</u>, No. CV-18-02914-PHX-JJT (D. Ariz.), on March 11, 2020, Judge John J. Tuchi issued an order denying, in substantial part, defendants' motion to dismiss.  The Court concluded, *inter alia*, that the complaint properly alleges that the defendants' statements concerning the historical performance of a competitor acquired by Microchip were misleading given Microchip's use of differing accounting practices.  The Court further concluded that the complaint properly alleges the defendants' intent to defraud investors.  On February 22, 2021, the Court granted Lead Plaintiff's motion for Class Certification, appointed the Lead Plaintiff as the Class Representative, and appointed Wolf Popper as Lead Class Counsel. A settlement in the amount of $9 million has been preliminarily approved by the Court.  A hearing on final approval is scheduled for June 22, 2022.

- In <u>Public Employees' Retirement System of Mississippi v. TreeHouse Foods, Inc.</u>, Case No. 16-cv-10632 (N.D. Ill.), the Court, on November 16, 2021, approved a $27 million settlement in an action challenging statements in which TreeHouse Foods overstated its success after buying a Conagra unit for $2.7 billion, wrongly inflating TreeHouse's stock price.

- In <u>Bach v. Amedisys, Inc.</u>, 10-CV-00395 (C.D. La.), Wolf Popper represents one of the Co-Lead Plaintiffs, the Puerto Rico Teachers Retirement System.  Plaintiffs allege that Amedisys, a home health care company, engaged in Medicare fraud, misrepresenting its financial statements and history of compliance with Medicare rules and regulations, and improperly securing revenue from Medicare billings.  In essence Amedisys hid a Medicare fraud scheme by which Amedisys improperly inflated Medicare reimbursements by pressuring and intimidating nurses and therapists to provide unnecessary treatment to trigger higher fees. The District Court granted Defendants' motions to dismiss the Complaint.  However, Co-Lead Plaintiffs successfully appealed that dismissal to the Fifth Circuit, which reversed the dismissal and remanded the case to the District Court for further proceedings.  Following substantial discovery, the parties reached a settlement in the amount of $43.75 million.  The Court granted final approval to the settlement on December 13, 2017.

- In <u>Flynn v. Sientra, Inc.</u>, Case No. 2:15-cv-07548-SJO-RAO (C.D. Cal.), Wolf Popper served as co-lead counsel for the class in an action asserting claims under both the Securities Act of 1933 (in connection with a secondary public offering ["SPO"]) and the Securities Exchange Act of 1934, on behalf of purchasers of Sientra, Inc. ("Sientra") common stock.  Sientra sold breast implants made by a Brazilian manufacturer in a single facility in Rio de Janeiro, Silimed Indústria de Implantes Ltda. ("Silimed"), with whom Sientra had extensive relationships.  Plaintiffs alleged that, unbeknownst to the investing public, in the spring and summer 2015, European regulators discovered that the implants manufactured in that facility were contaminated with foreign particulates, and that Silimed had performed its own inspection and reached the same conclusion.  Shortly thereafter, Sientra, which needed a cash infusion, announced a $65 million SPO.

**WOLF POPPER LLP**

845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS
MASSACHUSETTS

wolfpopper.com

Page -3-

Plaintiffs alleged that the SPO's offering documents represented that Sientra, not Silimed, was "primarily responsible for the manufacturing and quality assurance of [Sientra's] products," including inspections of all products from Silimed; and that the offering documents discussed the manufacturing of Sientra's products at the Rio facility, including regulatory compliance and current good manufacturing practices ("cGMP"), without disclosing that widespread contamination at that facility had been found by regulators, and confirmed by Silimed, well before the SPO.   Plaintiffs alleged that, notwithstanding Defendants' knowledge of the regulatory and internal findings, they recklessly continued with the SPO, raising more than $65 million.   Minutes after the SPO closed, the contamination was revealed by the European regulators, causing the price of Sientra's common stock to plummet.   On June 9, 2016, Judge S. James Otero denied in substantial part defendants' motions to dismiss the Section 10(b), Section 11 and 12(b)(2) claims.   Flynn v. Sientra, Inc., 2016 U.S. Dist. LEXIS 83409 (C.D. Cal. June 9, 2016), motion for reconsideration denied, slip op. (C.D. Cal. Aug 12, 2016). On May 22, 2017, the court approved a settlement of the litigation for $10.9 million in cash.

•       In Anwar v. Fairfield Greenwich Ltd., No. 09-cv-0118 (VM) (S.D.N.Y.), Wolf Popper was co-lead counsel for investors in the multi-billion "feeder" funds, managed by affiliates of the Fairfield Greenwich Group (FGG).   These funds lost virtually all of their assets in the Ponzi scheme orchestrated by Bernard L. Madoff.   The case included claims under both the federal securities laws and New York state common law. Wolf Popper helped recover hundreds of millions of dollars for these Madoff victims.

Based upon the strength of plaintiffs' arguments and briefing, in a groundbreaking decision Judge Marrero broke from substantial existing precedent in the New York courts and the district courts within the Second Circuit in denying defendants' motion to dismiss, concluding that the Martin Act did not preempt any existing claims under New York law.   Anwar v. Fairfield Greenwich, Ltd., 728 F. Supp. 2d 354 (S.D.N.Y. 2010). That decision was approved and substantially followed by the New York Court of Appeals in Assured Guar. (UK) Ltd. v J.P. Morgan Inv. Mgt. Inc., 18 N.Y.3d 341, 353 (N.Y. 2011).   On March 22, 2013, the court approved a partial settlement in the amount of $80,250,000, including a minimum of $50,250,000 to be distributed to the settlement class upon final approval, and an additional $30,000,000 to be distributed if not used to resolve other claims.   An additional $5,000,000 partial settlement with defendant GlobeOp was approved by the Court on November 22, 2013.   On November 20, 2015, the Court gave final approval to a $125 million settlement with the Citco Group defendants.   In 2016, the Court approved a settlement with PricewaterhouseCoopers in the amount of $55 million.   Thus, Wolf Popper's efforts helped recover up to $265 million for these victims of the Madoff Ponzi-scheme scandal.

•       In Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust et al. v. J.P. Morgan Acceptance Corp. I et al., 2:09-cv-01713 (E.D.N.Y.) (PKC) (WDW), Wolf Popper represented the Public Employees' Retirement System of Mississippi ("MissPERS"), as lead plaintiff, in an action against JPMorgan Acquisition Corp. ("JPMAC"), certain individuals employed by JPMAC or its affiliates, and JP Morgan Securities, Inc.   The class consisted of investors who purchased certain mortgage pass-through certificates (mortgage-backed securities) across 26 Offerings, with an initial face value of approximately $23 billion. MissPERS's consolidated complaint alleged that the offering documents pursuant to which the JPMAC securities were sold contained misrepresentations and omitted to disclose information concerning the underwriting of the mortgage loans serving as collateral for the securities.   The parties engaged in extensive motion practice and discovery.   In February 2012, Lead Plaintiff defeated Defendants' motion to dismiss in substantial part.

On July 24, 2014, the Honorable Pamela K. Chen entered an order approving the settlement which resolved the action for a total of $280 million.   It is one of the largest settlements in a class action against banks that issued mortgage-backed securities.   The Court found that "the representation of both sides was obviously very vigorous. The plaintiffs, I know, expended efforts in terms of pursuing the investigation, the theories, the research and the advocacy."   The Action "was a difficult case.   Certainly in the beginning, at

**WOLF POPPER LLP**

845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS
MASSACHUSETTS

wolfpopper.com

Page -4-

the time when some of the principles, the legal principles that are applied in this case, in any cases related to mortgage-backed securities, was not well established. They did yeomen's work, I think, in trying to establish some of those principles. . . . [T]his is a good result in this particular case."

• In the State of New Jersey, Department of Treasury, Division of Investment v. Merrill Lynch & Co., Inc. and Bank of America Corp., Docket No. L-3855-09 (New Jersey Superior Court, Hudson County), Wolf Popper represented the State of New Jersey, Division of Investment ("NJ") in an individual action against Merrill Lynch. On January 16, 2009, Bank of America Corp. ("BAC") announced that Merrill Lynch & Co., Inc. ("Merrill"), BAC's subsidiary, reported a net loss after taxes for the fourth quarter of 2008 of $15.3 billion. In researching potential claims against Merrill, Wolf Popper learned that NJ had invested $300 million in January 2008 in a private placement of Merrill preferred stock and that NJ had converted those preferred shares to common stock pursuant to an exchange agreement in July 2008. Further investigation revealed that a different investor, at that same time, had converted its preferred shares to a new series of preferred on terms that were preferential to the terms Merrill had offered to NJ. Prior to filing the Complaint, Wolf Popper was able to obtain discovery with respect to a class action settlement of claims against Merrill then pending in the Southern District of New York for purposes of advising NJ whether to opt out of the class action and file an individual complaint. NJ, subsequent to that discovery, determined to opt out of the class settlement. Wolf Popper filed an individual complaint on NJ's behalf on July 28, 2009, in state court in New Jersey asserting claims against Merrill Lynch for breach of contract, breach of the covenant of good faith and fair dealing, and negligent misrepresentation. After defendants removed the case to federal court, the U.S. Court of Appeals for the Third Circuit unanimously affirmed the remand of the action back to the New Jersey state court on May 18, 2011. The New Jersey Superior Court thereafter denied defendants' motion to dismiss in its entirety. Following merits and expert discovery, the Court on September 29, 2012, denied in all material respects Merrill's motion for summary judgment. The action settled in April 2013 for $45 million, approximately one month before trial. New Jersey Attorney General Jeffrey S. Chiesa stated, in announcing the settlement, that "this is a fair and equitable outcome, and we are pleased to be recovering a substantial amount of dollars on behalf of New Jersey taxpayers."

• In Tsereteli, et ano., v. Residential Asset Securitization Trust 2006-A8 et al., No. 08 Civ. 10637 (LAK) (S.D.N.Y.) (IndyMac), Wolf Popper is lead counsel, representing a British Virgin Islands corporation, on behalf of investors who purchased mortgage pass-through certificates (RMBS) backed by IndyMac Bank, N.A. ("IndyMac") loans. The court denied the motion to dismiss filed by defendant Credit Suisse Securities (USA) LLC, the underwriter that sold the mortgage-backed securities in the case. The claims alleged untrue statements and omissions related to the origination, by IndyMac, of the home mortgage loans backing the securities sold in the offering. The court upheld plaintiff's allegations that IndyMac had abandoned the loan origination procedures and underwriting standards that were disclosed to investors in the offering. Plaintiff's class certification motion, which addressed several novel issues, including whether a single class could include claims brought on behalf of different certificate purchasers within a complex "waterfall" capital structure, was granted on June 29, 2012.

On January 27, 2014, Judge Kaplan approved the parties' proposed settlement, which provides an $11 million benefit to the class. The settlement is believed to be one of the largest percentage recoveries to date (as a function of statutory damages) in an RMBS Securities Act class action.

• In In re Tycom Ltd. Sec. Litig., No. 03-3540 (GEB) (D.N.J.), Wolf Popper, representing the Lead Plaintiff, served as co-lead counsel for the class, securing a $79 million cash settlement for the class following extensive motion practice and full discovery. At the August 25, 2010 hearing at which the Court approved the settlement, the Honorable Garrett E. Brown, Jr., Chief Judge of the U.S. District Court for the District of New Jersey, praised the Firm for its "very extensive and professional representation of the class."

**WOLF POPPER LLP**

845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS
MASSACHUSETTS

wolfpopper.com

Page -5-

• In the In re Motorola Sec. Litig., No. 03-C-287 (RRP) (N.D. Ill.), Wolf Popper represented the Lead Plaintiff, the State of New Jersey, Department of Treasury, Division of Investment. On the eve of trial, the defendants paid $190,000,000 to the class to resolve the federal securities litigation. This recovery was obtained after more than four years of litigation. During the litigation, Wolf Popper, among other things, defeated Motorola's motion to dismiss the complaint (2004 U.S. Dist. LEXIS 18250 (Sept. 9, 2004, N.D. Ill.)) and Motorola's motions for summary judgment (2007 U.S. Dist. LEXIS 9530 (Feb. 8, 2007, N.D. Ill.)).

• In Middlesex Retirement System v. Quest Software, Inc., No. 06-06863-DOC (RNBx) (C.D. Cal.), Wolf Popper was appointed lead counsel in a federal securities class action against Quest Software, Inc. ("Quest"), a company that designs, develops, distributes and supports software products. The case is based on allegations that Quest issued materially false and misleading statements to cover up its failure to account properly for backdated stock options, causing Quest's operating and net income to be overstated and its stock price to be artificially inflated. Following comprehensive briefing opposing defendants' initial motion to dismiss, the Court denied virtually all of defendants' motion. Defendants filed subsequent motions to dismiss challenging the amended complaint which had added additional allegations. The Court denied defendants' motions to dismiss the claims under § 10(b) and § 20(a) of the Securities Exchange Act of 1934. See Middlesex Retirement System v. Quest Software, Inc., 527 F. Supp. 2d 1164 (C.D. Cal. 2007); and Amended Order (C.D. Cal. July 10, 2008). After comprehensive discovery and the grant of plaintiff's motion to compel discovery and plaintiff's motion for class certification, see Middlesex Retirement System v. Quest Software, Inc., Order, CV 06-6863-DOC (RNBx) (C.D. Cal. Jul. 8, 2009), aff'd, Order (C.D. Cal. Sept. 18, 2009) (order granting Plaintiff's motion to compel); and Order, CV 06-6863-DOC (RNBx) (C.D. Cal. Sept. 8, 2009) (Granting Lead Plaintiff's Motion for Class Certification), the parties entered into a proposed settlement of the action for $29.4 million (plus the cost of providing notice of the settlement to the class). The Court preliminarily approved the settlement, stating "[Y]ou really have the court's profound congratulations and compliments," and, on April 26, 2010, gave final approval to the settlement.

• In Huberman v. Tag-It Pacific Inc., No. 2:05-cv-07352-R(Ex) (C.D. Cal.), Wolf Popper successfully appealed the district court's grant of summary judgment to defendants and the denial of class certification. In addition to reversing summary judgment, the Ninth Circuit Court of Appeals also reversed the district court's denial of class certification, and ordered the district court to certify the class. Huberman v. Tag-It Pacific Inc., 2009 U.S. App. LEXIS 2780 (9th Cir. Jan. 16, 2009). The Court approved the subsequent settlement of the litigation for an amount that was almost 50% of the court-appointed independent expert's estimate of maximum potential losses.

• In Thurber v. Mattel, Master File No. CV-99-10368-MRP (CWx) (C.D. Cal.) (§10(b) claims) and Dusek v. Mattel, Master File No. CV-99-10864-MRP (CWx) (C.D. Cal.) (§14(a) claims), Wolf Popper was a member of the Executive Committee of Plaintiffs' counsel, but was also specifically appointed by the Federal Court to have primary responsibility for the prosecution of the Dusek v. Mattel §14(a) claims. After more than three years of extremely hard-fought litigation, including two rounds of motions to dismiss, the production of millions of documents, and the taking or defending of more than 40 depositions, both cases settled for the aggregate sum of $122 million, with $61 million allocated for the Dusek v. Mattel §14(a) claims, believed to be the largest settlement of a § 14(a) case. Upon approving the settlement, the Judge complimented counsel saying that the settlement was an "awfully good result." The Judge also specifically found that "Wolf Popper LLP vigorously prosecuted the Dusek action and zealously represented the interests of the Dusek class members" and that Wolf Popper zealously performed in a "very capable and professional manner."

• Wolf Popper LLP was a co-lead settlement counsel for the plaintiff class in In re Service Corp. Int'l, No. H-99-280 (S.D. Tex.). The action alleged that defendants made material misrepresentations in connection with Service Corp.'s January 1999 stock-for-stock acquisition of Equity Corp. International. Based on the strength of the amended complaint, and presentation at mediation sessions, Wolf Popper recovered

**WOLF POPPER LLP**

845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS
MASSACHUSETTS

wolfpopper.com

Page -6-

$65 million for the plaintiff class, 64.7% of the class' recognized losses.   The settlement, approved in 2004, was an extraordinary recovery inasmuch as there were no allegations of insider trading, a SEC investigation, or an accounting restatement, and the District Court had spent over four years deliberating over defendants' motion to dismiss the complaint, lessening plaintiffs' leverage in settlement negotiations.

•       In Stanley v. Safeskin, No. 99cv454-BTM (LSP) (S.D. Cal.), Wolf Popper served as Court-appointed Co-lead Counsel for Plaintiffs, in which the Court approved a $55 million settlement in favor of plaintiffs on March 20, 2003.   The Honorable Barry T. Moskowitz thereafter complimented Plaintiffs' Co-Lead Counsel, noting his "incredible respect for the work that the lawyers did."   Describing Plaintiffs' counsel as "highly skilled in these cases," Judge Moskowitz commented that he was "kind of looking forward to trying this case, because it would have the best lawyers in the country trying this case. . . ."   The Court subsequently further complimented Co-Lead Counsel, stating that "competency is too weak of a word -- the extraordinary ability of these firms * * * I really thought that the Plaintiffs' law firms in this case not only had extraordinary ability to deal with the complicated factual issues -- and it certainly was a difficult case, and you should be applauded in that regard."   Paying Plaintiffs' Co-Lead Counsel perhaps an ultimate compliment, the Court further said, "From the plaintiffs' perspective -- and I say this for all the firms -- you handled it on a much higher plane, probably on a textbook or ideal plane.   If they would teach people how it should be done in law school, this would be the example of, how the lawyers handle this case."

•       In Buxbaum v. Deutsche Bank, A.G., No. 98 Civ. 8460 (JGK) (S.D.N.Y.), Wolf Popper recovered $58 million as co-lead counsel in a major securities fraud action against Deutsche Bank, A.G. and its senior officer.   The action alleged that Deutsche Bank defrauded Bankers Trust shareholders by misrepresenting the status of takeover negotiations for Deutsche Bank to acquire Bankers Trust.   The District Court's opinion denying defendants' motion to dismiss is reported at Fed. Sec. L. Rep. (CCH) ¶90,969 (S.D.N.Y. 2000).   The decision denying defendants' motion for summary judgment is reported at 2002 U.S. Dist. LEXIS 1893 (S.D.N.Y., Jan. 30, 2002).   The $58 million recovery, obtained on the eve of trial, was equivalent to approximately 48% of the class' maximum possible recovery, and approximately 96% of the class' most likely recovery.

•       In In re Sunbeam Sec. Litig., No. 98-8258-Civ.-Middlebrooks (S.D. Fl.), Wolf Popper was appointed co-lead counsel.   The case was brought against Sunbeam, its auditors, and former officers and directors of the company, including "Chainsaw" Al Dunlap.   Plaintiffs reached a partial settlement with Sunbeam's auditors, Arthur Andersen, for $110 million - one of the largest settlements ever with an accounting firm in a securities class action - and reached a separate settlement with the individual defendants that included more than $18 million in cash plus a separate $13 million recovery from the company's excess insurance policies.

•       In In re Providian Financial Sec. Litig., MDL No. 1301 (E.D. Pa.), Wolf Popper was co-lead counsel for the plaintiff class and obtained a $38 million recovery from the defendants.   The Court, in approving the settlement, remarked on the "extremely high quality" and "skill and efficiency" of plaintiffs' counsel's work, which the Court stated it had seen throughout the litigation.   The Court also noted the "extremely high quality" of Wolf Popper's work is reflected in the result which it obtained and in the fact that it is a nationally prominent firm with extensive experience in the field.

•       Wolf Popper played a major role in representing the rights of shareholders in the notorious Boesky/Drexel/Milken trading scandal involving Ivan F. Boesky, Dennis B. Levine, Kidder Peabody & Co. Incorporated, Goldman, Sachs & Co., Drexel, Michael R. Milken, and others.   These actions arose from the illegal use by various individuals of non-public information about publicly traded corporations, conveyed to them from high level executives at these large investment firms, to reap illicit profits for personal gain.   Wolf

**WOLF POPPER LLP**

845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS
MASSACHUSETTS

wolfpopper.com

Page -7-


Popper was co-lead counsel in several of these actions, including the Boesky insider trading class litigation brought in the Southern District of New York, to represent classes of shareholders who suffered losses.   In re Ivan F. Boesky Sec. Litig., MDL 732, MDL-21-45-MP (S.D.N.Y.).   The Firm was also one of the lead counsel in the Drexel/Milken litigation also brought in the Southern District of New York.   In re Drexel Burnham Lambert Group Inc., et al., Debtors, Nos. 90 Civ. 6954 (MP), 90-B-10421 (FGC) (S.D.N.Y.).   After intensive litigation, the Firm helped recover in excess of $800 million for investors.   In the global settlement of these Milken related litigations, the Court specifically certified a worldwide class of investors after notice was given throughout the world, in addition to publications in newspapers worldwide.

The Firm acted as sole lead or co-lead counsel for plaintiffs in dozens, if not hundreds, of other cases throughout the United States, achieving recoveries which aggregated in the billions of dollars, many of which settlements recovered well over 50% and, in several cases, 90-100% of the damages in such cases.

# Robert C. Finkel



**Mr. Finkel has thirty-eight years of experience in securities and corporate litigation, with an expertise in financial fraud.**

Robert C. Finkel is a graduate of the Columbia Law School, Class of 1981 (where he was a Harlan Fiske Stone Scholar), and the University of Pennsylvania, Class of 1978, where he obtained a B.S. in accounting from the Wharton School of Business and a B.A. in history from the College of Arts and Sciences.  He has been repeatedly designated a *Super Lawyer* (R) in Securities Litigation.

Robert C. Finkel is a graduate of the Columbia Law School, Class of 1981 (where he was a Harlan Fiske Stone Scholar), and the University of Pennsylvania, Class of 1978, where he obtained a B.S. in accounting from the Wharton School of Business and a B.A. in history from the College of Arts and Sciences.  Mr. Finkel began his employment in the 1980s with two large New York City defense firms.  He has been repeatedly designated a *Super Lawyer* (R) in Securities Litigation.

Mr. Finkel was one of the co-lead counsel in litigation involving the Fairfield Greenwich funds – the largest group (exceeding $7 billion) of feeder funds to the Bernard L. Madoff Investment Securities Ponzi scheme.  Mr. Finkel was instrumental in securing $225 million in recoveries against the Fairfield Greenwich defendants (investment advisors to the funds) and three service providers to the funds (GlobeOp Financial Services LLC, the Citco Group (the funds' administrator and custodian)), and PricewaterhouseCoopers (the funds' auditors).

Mr. Finkel has represented the State of New Jersey, Division of Investment in litigation against Motorola, Inc. (securing a $190 million recovery) and against Merrill Lynch & Co., Inc. (securing a $45 million recovery).

Mr. Finkel was also an active participant in Wolf Popper's representation of the plaintiff classes in the following securities fraud class actions, among others:

- •In re Amedisys, Inc. Securities Litigation, Civil Action No. 10-00395-BAJ-RB (M.D. La.) ($43.75 million recovery);

- •In re TyCom Ltd. Securities Litigation, MDL Docket No. 02-1335-B (D.N.H.) ($79.1 million recovery);

- •In re Service Corp. International, Case No. H-99-280 (S.D. Tex.) ($65 million recovery);

- •In re Transkaryotic Therapies Inc. Securities Litigation, Civil Action No. 03-10165-RWZ (D. Mass.) ($50 million recovery);

- •In re Providian Financial Securities Litigation, MDL 1301 (E.D. Pa.) ($38 million recovery);

- •In re TCW/DW North American Government Income Trust, 95 Civ. 0167 (PKL) (S.D.N.Y.); ($30 million recovery);

- •In re Columbia Securities Litigation, 89 Civ. 6821 (S.D.N.Y.) ($25 million recovery);

- •In re Cephalon Securities Litigation, 96 CV-0633 (E.D. Pa.) ($17 million recovery);

- •In re Donnkenny Securities Litigation, 96-CV-8452 (MGC) (S.D.N.Y.) ($14.75 million cash and common stock recovery);

•In re Marion Merrell Dow Inc. Securities Litigation, Master File No. 92-0609-CV-W-6 (W.D. Mo.) ($13.85 million recovery);

•In re Medical Care America, Inc. Securities Litigation, Civil Action No. 3-92-CV-1996-R (N.D. Tex.) ($12 million recovery);

•In re PictureTel Corp. Securities Litigation; C.A. No. 97-12135-DPW (D. Mass.) ($12 million recovery);

•In re Anicom, Inc. Sec. Litig., No. 00-C-4391 (N.D. Ill.) ($11.5 million recovery);

•In re National TechTeam Securities Litigation, Case No. 97-74587 (E.D. Mich.) ($11 million recovery).

Mr. Finkel also prosecuted the following shareholder action:

•In re Triarc Companies, Inc. Class and Derivative Litigation, Civil Action No. 15746-NC (Del. Ch.)

Among the reported decisions in which Mr. Finkel has appeared as counsel of record are:

•Northstar Financial Advisors, Inc. v. Schwab Investments, 779 F.3d 1036 (9th Cir. 2015) (reversing dismissal of state law claims);

•Public Emples. Ret. Sys. of Miss. v. Amedisys, Inc., 769 F.3d 313 (5th Cir. 2014) (reversing District Court dismissal of complaint on ground of loss causation);

•Anwar v. Fairfield Greenwich Limited, 728 F. Supp. 2d 354 (S.D.N.Y. Aug. 18, 2010) (denying defendants' motion to dismiss in substantial part);

•State of New Jersey v. Merrill Lynch & Co., Inc., 2010 N.J. Super. Unpub. LEXIS 2309 (Law Div. Apr. 23, 2010) (denying defendants' motion to dismiss); 2012 N.J. Super. Unpub. LEXIS 2055 (Law Div. Aug. 29, 2012) (denying defendants' motion for summary judgment);

•In re Tycom Ltd. Securities Litigation, 2005 U.S. Dist. LEXIS 19154 (D.N.H. Sept. 2, 2005) (denying in part defendants' motion to dismiss); 2007 U.S. Dist. LEXIS 42970 (D.N.J. 2007) (granting plaintiffs' motion for class certification);

•In re Motorola Securities Litigation, 03C287 (RRP), 2004 U.S. Dist. LEXIS 18250 (Sept. 9, 2004 N.D. Ill.) (denying motion to dismiss the complaint) (N.D. Ill.); 2007 U.S. Dist. LEXIS 9530 (Feb. 8, 2007 N.D. Ill.) (denying motion for summary judgment);

•In re Transkaryotic Therapies Inc. Securities Litigation, 319 F. Supp. 2d. 152 (D. Mass. 2004) (denying in part defendants' motion to dismiss);

•In re Cephalon Securities Litigation, [1998 Transfer Binder] Fed. Sec. L. Rep. 90,268 (E.D. Pa. Aug. 12, 1998) (granting class certification of a class broadly defined to include short sellers and option traders);

•In re Anicom, Inc. Securities Litigation, [2001 Transfer Binder] Fed. Sec. L. Rep. 91,458 (N.D. Ill. May 15, 2001) (denying defendants' motion to dismiss the complaint);

•In re TCW/DW North American Government Income Trust Securities Litigation, 941 F. Supp. 326 (S.D.N.Y. 1996); 1997 U.S. Dist. LEXIS 18485 (S.D.N.Y. Nov. 20, 1997) (denying defendants' motion to dismiss and motions to reargue, and granting class certification);

•<u>In re Providian Financial Corporation Securities Litigation</u>, 152 F. Supp.2d 814 (E.D. Pa. 2001) (denying defendants' motion to dismiss);

•<u>In re Gaming Lottery Securities Litigation</u>, [1998 Transfer Binder] Fed. Sec. L. Rep. 90,236 (S.D.N.Y. May 27, 1998) (denying defendants' motion to dismiss the complaint); 58 F. Supp. 2d 62 (S.D.N.Y. 1999) (granting certification of a class consisting of U.S. and Canadian investors), and [2000-2001 Transfer Binder] Fed. Sec. L. Rep. 91,339 (S.D.N.Y. 2001) (granting summary judgment against the individual defendants);

•<u>Chalverus v. Pegasystems, Inc</u>., 59 F. Supp.2d 226 (D. Mass. 1999) (denying defendants' motion for summary judgment);

•<u>In re Quintel Entertainment Securities Litigation, Inc.</u>, 72 F. Supp.2d 283 (S.D.N.Y. 1999) (denying defendants' motion to dismiss);

•<u>In re Donnkenny, Inc. Securities Litigation</u>, 171 F.R.D. 156 (S.D.N.Y. 1997) (appointing lead plaintiff);

•<u>In re Iomazzo</u>, 149 B.R. 767 (Bankr. D.N.J 1993) (denying defendants' motion to dismiss complaint);

•<u>Lerch v. Citizens First Bancorp, Inc.</u>, 144 F.R.D. 247 (D.N.J. 1992) (granting plaintiffs' motion for class certification); 805 F.R.D. 1142 (D.N.J. 1992) (denying defendants' motion to dismiss complaint).

Mr. Finkel has written for The New York Law Journal on subjects including shareholder voting rights and ERISA class actions.

Mr. Finkel became a partner at Wolf Popper LLP effective January 1, 1992.



# JOSHUA W. RUTHIZER

**Josh Ruthizer is a partner whose practice focuses on securities fraud and commercial litigation.**

Joshua Ruthizer is a partner at Wolf Popper LLP, where he advises and represents clients in securities and complex commercial litigations.

In 2017, Josh and Wolf Popper recovered $43.75 million in settlement for investors in Amedisys, Inc. common stock.  This securities fraud litigation alleged Amedisys was engaged in an undisclosed Medicare fraud scheme by which it improperly inflated Medicare reimbursements by pressuring and intimidating nurses and therapists to provide unnecessary treatment to trigger higher fees.  Also in 2017, Josh and Wolf Popper recovered a $10 million settlement for the public investors in Sauer-Danfoss, Inc. in litigation alleging breaches of fiduciary duties related to a tender offer by and merger with Danfoss A/S, Sauer-Danfoss's controlling stockholder.  Josh and Wolf Popper also recovered $280 million for investors in Residential Mortgage Backed Securities issued by an affiliate of JPMorgan, and also secured a $45 million recovery for the State of New Jersey, Division of Investment in its opt-out litigation against Merrill Lynch.

Josh is a graduate of Lafayette College (B.A. History, B.A. Philosophy, 2000) and Columbia Law School (J.D., 2003).  Prior to joining Wolf Popper, Josh spent six years practicing commercial, securities, and intellectual property litigation at Proskauer Rose LLP.  Josh also participated in a six month public interest externship with the Corporation Counsel of the City of New York, first chairing more than fifteen jury trials in New York Supreme Court, Bronx County.  Josh is a member of The New York City Bar Association's Judiciary Committee, is a past member of the Federal Courts Committee, and chaired the Federal Courts Committee's Supreme Court Subcommittee for three years.

Josh was awarded the Legal Aid Society's Award for Outstanding Pro Bono service in 2005 and was an Empire State Counsel honoree in 2008.  Josh was named as a Super Lawyer (New York Metro Edition) in the practice area of Securities Litigation in 2019, 2020, and 2021.  Josh was listed as a Rising Star in Securities Litigation by Super Lawyers from 2014 through 2018.

Josh also lectures concerning securities fraud and fiduciary duty issues at investor and pension plan forums.  Some of his recent presentations and panel discussions include:

Securities Litigation Q&A, Florida Public Pension Trustees Association Trustee School, February 4, 2019; Ten Years After the Financial Crisis:  Where Are We Now? Texas Association of Public Employee Retirement Systems' 2018 Summer Educational Forum, August 13, 2018;

Hot Topics in Corporate Governance, Texas Association of Public Employee Retirement Systems' 2018 Annual Conference, April 16, 2018;

The Equifax Data Breach:  How It Happened and Litigation Update, National Association of Police Organizations' 30th Annual Police, Fire, EMS and Municipal Employee Pension and Benefits Seminar, January 29, 2018;

Volkswagen, Securities Fraud, and Monitoring:  What Trustees Need to Know, National Association of Police Organizations' 29th Annual Police, Fire, EMS and Municipal Employee Pension and Benefits Seminar, February 28, 2017;

Exploring Portfolio Trends:  How Global Markets Affect High Net Worth Clients and Their Investments, Annual Private Wealth Latin America and the Caribbean Forum, October 19, 2016;

Recent Securities Frauds, Florida Public Pension Trustees Association Trustees School, September 27, 2016;

The Role of Fiduciaries: Considerations for 529 Plans, National Association of State Treasurers Management Training Symposium, June 15, 2016; and

How Does a Brazilian Bribery Scandal Impact Your Funds?, National Association of Police Organizations' 28th Annual Police, Fire, EMS and Municipal Employee Pension and Benefits Seminar, January 26, 2016, and Illinois Public Pension Fund Association Annual Mid-American Pension Conference, October 7, 2015.



## MATTHEW INSLEY-PRUITT

Mr. Insley-Pruitt's legal talent has helped the Firm achieve record recoveries and precedent setting opinions.

Matthew Insley-Pruitt became a partner at Wolf Popper LLP on January 1, 2016. He is a graduate of the University of Chicago (B.A., Sociology & Public Policy, 2000) and the University of Pennsylvania Law School (J.D., 2005). During law school he served as Technology Editor of the University of Pennsylvania Law Review.  Mr. Insley-Pruitt was listed as a Rising Star by Super Lawyers (New York--Metro Edition) in 2013, 2014, 2015, 2016, and 2017.  Prior to joining Wolf Popper, he was an associate in the New York office of Paul, Weiss, Rifkind, Wharton and Garrison LLP.

Mr. Insley-Pruitt was part of the team that recovered $280 million on behalf of investors in *JPMorgan Acceptance Corp*.  He also represented the minority shareholders in In re Venoco, Inc. Shareholder Litigation, which settled days before the company declared bankruptcy and established a $19 million fund for class members.  These were just some of the several substantial recoveries for investors Mr. Insley-Pruitt was involved in, including *In re Prospect Medical Holdings, Inc. Shareholders Litigation* (establishing a common fund of $6.25 million for public shareholders) and *In re Playboy Enterprises, Inc. Shareholders Litig.* (establishing a common fund of $5.25 million for public shareholders).  He is currently representing the Public Employees' Retirement System of Mississippi in *Public Employees' Retirement System of Mississippi v. TreeHouse Foods, Inc.*, No. 1:16-CV-10632 (N.D. Ill.), in which the court granted preliminary approval of a proposed class action settlement in the amount of $27 million, after having denied defendants' motion to dismiss; and *Edwards v. McDermott International, Inc., et al.*, Case No.: 4:18-cv-04330 (S.D. Tex.), which is currently in discovery after the court denied defendants' motion to dismiss.

Mr. Insley-Pruitt's cases have also accomplished real benefits for consumers across the country.  Mr. Insley-Pruitt was one of plaintiff's counsel in McLaughlin v. Wells Fargo Bank, NA., in which the Court in the Northern District of California issued a precedent setting Order under the Truth in Lending Act's ("TILA") Regulation Z, finding that the bank is required under TILA to indicate the amount of property insurance proceeds held by the bank on the plaintiff customer's payoff statement.  The Court recently approved a settlement where eligible homeowners will receive approximately $2,500 each and Wells Fargo will change its practices going forward.  A settlement in an action in Oklahoma against Bank of America established a common fund that provided eligible home owners in the class with payments of approximately $1,300 each and also required Bank of America to change its practices. In Belfiore v. Procter & Gamble, Mr. Insley-Pruitt represents consumers of Charmin Freshmates flushable wipes, who allege that they paid too much for wet bathroom tissue that was not actually flushable.  After defeating the motion to dismiss and repeatedly defeating defendant's attacks on class certification, Wolf Popper negotiated a settlement with P&G where class members are eligible to receive up to $50.20 per household and P&G agreed to remove the representation that Freshmates are "safe for sewer and septic systems." The court approved the settlement on July 23, 2020.

Mr. Insley-Pruitt recently co-authored an article published by the New York Law Journal on July 5, 2016, titled "Mandatory Arbitration Clauses in Consumer Contracts and CFPB's Proposed Rules."

Mr. Insley-Pruitt is admitted to the bar of the State of New York.