**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT GLICK, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ARQIT QUANTUM INC. F/K/A CENTRICUS ACQUISITION CORP., DAVID WILLIAMS, NICK POINTON, CARLO CALABRIA, STEPHEN CHANDLER, MANFREDI LEFEBVRE D'OVIDIO, VERALINN JAMIESON, GARTH RITCHIE, AND STEPHEN WILSON,<br><br>    Defendants. | Case No.: 1:22-cv-02604-PKC-MMH<br><br>Hon. Pamela K. Chen |

**MEMORANDUM OF LAW IN SUPPORT OF ERWIN JAY LACK**
**AND PATRICK L. HAGEMEISTER'S MOTION FOR APPOINTMENT AS CO-LEAD**
**PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.  FACTUAL BACKGROUND ................................................................................................2

II.  PROCEDURAL HISTORY ...............................................................................................3

III.  ARGUMENT .....................................................................................................................3

A.  Appointing Movants as Co-Lead Plaintiffs Is Appropriate ...........................................3

1.  Movants Filed a Timely Motion. ................................................................................4

2.  Movants Have the Largest Financial Interest in the Relief Sought. ..........................5

3.  Movants Satisfy the Relevant Requirements of Rule 23............................................6

a.  Movants' Claims Are Typical.................................................................................6

b.  Movants Are Adequate Representatives. ...............................................................7

B.  Approving Lead Plaintiffs' Choice of Counsel Is Appropriate......................................8

IV.  CONCLUSION ...................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018)................................................................................4, 6

*In re Cendant Corp.,*
264 F.3d 201 (3d Cir. 2001) ...............................................................................................8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................7

*In re Coinbase Global Securities Litigation,*
No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ..........................................8

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021)............................................................9

*Deinnocentis v. Dropbox, Inc.,*
2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) .....................................................9

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)...............6

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................6

*In re Hebron Tech. Co. Sec. Litig.,*
C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .........5

*Jiang v. BlueCity Holdings Limited, et al.,*
No. 1:21-cv-04044-CLP (E.D.N.Y. Dec. 22, 2021)..............................................................8

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008)..................................6

*Malriat v. Quantumscape Corp.,*
2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021).....................................................8

*Snyder v. Baozun Inc.,*
2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020).....................................................9

*Subramanian v. Watford, et. al.,*
2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021) .....................................................8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)..................7

*White Pine Invs. v. CVR Ref.,*
   2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ..........................................................9

**Statutes**

15 U.S.C. § 78u-4 ...............................................................................................*passim*

**Rules**

Erwin Jay Lack and Patrick L. Hagemeister ("Movants") respectfully submit this memorandum of law in support of their motion ("Motion") to appoint them as co-lead plaintiffs and approve their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of (i) all persons or entities who purchased or otherwise acquired Arqit Quantum Inc. ("Arqit" or the "Company") f/k/a Centricus Acquisition Corp. ("Centricus") securities between September 7, 2021 and April 18, 2022, inclusive (the "Class Period"); and/or (ii) all holders of Centricus securities as of the record date for the special meeting of shareholders held on August 31, 2021 to consider approval of the merger between Arqit and Centricus (the "Merger") and entitled to vote on the Merger (the "Class"), concerning claims under Sections 10(b), 14(a) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78n(a) and 78t(a)) and Rule 10b-5 and 14a-9 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5, 240.14a-9), against Defendants Arqit, David Williams, Nick Pointon, Carlo Calabria, Stephen Chandler, Manfredi Lefebvre D'ovidio, Veralinn Jamieson, Garth Ritchie, and Stephen Wilson, (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movants believe that they are the "most adequate" movants, as defined by the PSLRA, and should be appointed co-lead plaintiffs based on the substantial financial losses they suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movants satisfy the relevant requirements of Rule 23 of the

Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.      FACTUAL BACKGROUND[1]

Centricus was a special purpose acquisition corporation ("SPAC") formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses. ¶ 22. Arqit is purportedly a cybersecurity company that has pioneered a unique quantum encryption technology. ¶ 23. Arqit alleged its quantum encryption technology would be secure against current and future forms of cyberattacks, including from a quantum computer. *Id*.

The statements contained in ¶¶24-35 of the *Glick* Complaint were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. ¶ 36. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Arqit's proposed encryption technology would require widespread adoption of new protocols and standards for telecommunications; (2) British cybersecurity officials questioned the viability of Arqit's proposed encryption technology in a meeting in 2020; (3) the British government was not an Arqit customer but, rather, providing grants

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Glick* Complaint") filed in the action styled *Glick v. Arqit Quantum Inc., et. al.,* Case No. 1:22-cv-02604-PKC-MMH (the "*Glick* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Glick* Complaint. The facts set forth in the *Glick* Complaint are incorporated herein by reference.

to Arqit; (4) Arqit had little more than an early-stage prototype of its encryption system at the time of the Merger; and (5) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id.*

The Wall Street Journal (the "WSJ") published an article on April 18, 2022 titled, "British Encryption Startup Arqit Overstates Its Prospects, Former Staff and Others Say." ¶ 37.

In response to the disclosures made by the WSJ article, Arqit share price declined 17%, or $2.57 per share, to close on April 18, 2022 at $12.49 per share, damaging investors. ¶ 38.

## II.     PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Glick* Action against the Defendants. Plaintiff Robert Glick ("Glick") commenced the first-filed action on May 6, 2022. On that same day, counsel acting on Glick's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movants' Motion ("Apton Decl.").

## III.    ARGUMENT

### A.     Appointing Movants as Co-Lead Plaintiffs Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most

capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy the forgoing criteria and have complied with all of the PSLRA's requirements to be appointed co-lead plaintiffs. Movants have, to the best of their knowledge, the largest financial interest in this litigation—having collectively lost $137,319.46 as a result of their transactions and meet the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movants are not aware of any unique defenses that Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed as co-lead plaintiffs. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

> **1.    Movants Filed a Timely Motion.**

On May 6, 2022, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Glick published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—

announcing that a securities class action had been filed against defendants herein and advising purchasers of Arqit securities that they had 60 days from the publication of the May 6, 2022 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movants timely filed their motion within the 60-day period following publication of the May 6, 2022 Press Release and submitted herewith sworn certifications attaching their transactions in Arqit securities and attesting that they are willing to serve as representatives of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.     Movants Have the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiffs."

Movants acquired Arqit securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and were injured thereby. As a result of Defendants' false statements, Movants suffered an approximate loss of $137,319.46. *See* Apton Decl., Ex. B. Movants are unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movants

believe that they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—and should be appointed as co-lead plaintiffs for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movants Satisfy the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at \*6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movants need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at \*6.

### a. Movants' Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg.*

6

*Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Arqit's business, operational and financial results violated the federal securities laws. Movants, like all members of the Class, purchased or otherwise acquired Arqit securities during the Class Period and/or Centricus securities as of the record date for the special meeting of shareholders held on August 31, 2021 to consider approval of the Merger. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,* No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b.     Movants Are Adequate Representatives.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movants have demonstrated their adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movants' financial losses ensure that they have sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiff, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Joint Declaration, Ex. D. to Apton Decl. Therefore, Movants will prosecute the Action vigorously on behalf of the Class.

Accordingly, Movants meet the adequacy requirement of Rule 23.

**B.      Approving Lead Plaintiffs' Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movants have selected Levi & Korsinsky to pursue this litigation on their behalf and have retained the firm as the Class' Lead Counsel in the event they are appointed as co-lead plaintiffs. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Jiang v. BlueCity Holdings Limited, et al.*, No. 1:21-cv-04044-CLP, Dkt. No. 16 (E.D.N.Y. Dec. 22, 2021); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to

vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) appointing Movants as Co-Lead Plaintiffs, (2) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: July 5, 2022                                          Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171

9

Email: aapton@zlk.com

*Lead Counsel for Erwin Jay Lack and
Patrick L. Hagemeister, and [Proposed]
Lead Counsel for the Class*

10