UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE ARQIT QUANTUM INC.
SECURITIES LITIGATION

No. 22-CV-2604 (PKC) (SDE)

**ORDER GRANTING PRELIMINARY APPROVAL PURSUANT TO FED. R. CIV. P. 23(e)(1), CERTIFYING SETTLEMENT CLASSES FOR SETTLEMENT PURPOSES, AND APPROVING FORM OF NOTICE AND DIRECTING NOTICE TO THE SETTLEMENT CLASSES**

WHEREAS, a securities class action is pending in this Court captioned *In re Arqit Quantum Inc. Securities Litigation*, No. 22-CV-2604 (PKC) (SDE) (E.D.N.Y.) (the "Action");

WHEREAS, on June 5, 2023, the Court appointed Plaintiff Chris Weeks as Lead Plaintiff ("Weeks" or "Lead Plaintiff") and Wolf Popper LLP as Lead Plaintiff's counsel.

WHEREAS, the Parties to the Action, Lead Plaintiff Weeks and Named Plaintiffs Patrick Hagemeister ("Hagemeister"), Erwin Jay Lack ("Lack"), and Walter Littlejohn III ("Littlejohn," and collectively with Lead Plaintiff, Hagemeister, and Lack, "Plaintiffs"), and Defendant Arqit Quantum Inc. ("Arqit"), formerly known as Centricus Acquisition Corp. ("Centricus"), and Defendants David Williams, Nick Pointon, Carlo Calabria, Stephen Chandler, Manfredi Lefebvre d'Ovidio, Lt. General VeraLinn Jamieson (Ret.), Garth Ritchie, and Gen. Stephen Wilson (Ret.) (collectively, the "Individual Defendants," and together with Defendant Arqit, "Defendants") entered into the Stipulation and Agreement of Settlement dated January 9, 2026 (the "Settlement Agreement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the complaints filed in this Action.

WHEREAS, Plaintiffs alleged claims on behalf of the following "Settlement Classes":

1

 (a) The "Section 14(a) Class": All beneficial holders of Centricus units or Class A ordinary shares as of the July 26, 2021 record date for the special meeting of shareholders held on August 31, 2021 to consider approval of the merger between Arqit and Centricus (the "Merger");

 (b) The "Section 10(b) Class": All persons or entities who purchased or otherwise acquired Arqit ordinary shares and/or Arqit warrants ("Arqit Securities") in connection with the Merger or on a U.S. stock exchange between September 7, 2021 and December 13, 2022, inclusive (the "Class Period"); and

 (c) The "Securities Act Class": All persons or entities who purchased or otherwise acquired Arqit Securities pursuant or traceable to the effective "Registration Statement" and "Prospectus" (collectively the "Offering Materials") filed with the Securities and Exchange Commission ("SEC") for the September 2, 2021 Offering of Arqit securities in connection with the Merger.

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Settlement Agreement and allowing notice of the Settlement to be disseminated to Settlement Class Members as more fully described herein;

WHEREAS, the Parties having consented to the entry of this Order;

WHEREAS, the Court having read and considered: (a) Plaintiffs' unopposed motion for preliminary approval of the Settlement (the "Motion"), and the papers filed and arguments made in connection therewith; and (b) the Settlement Agreement and the accompanying Exhibits attached thereto;

WHEREAS, the Court held a hearing concerning Plaintiffs' Motion on February 2, 2026;

WHEREAS, unless otherwise specified all capitalized terms used, but not otherwise defined, herein have the same meanings as set forth in the Settlement Agreement; and

WHEREAS, the Court preliminarily finds that:

(a) the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel, including mediation under the direction of an experienced mediator, Robert Meyer, Esq.;

(b) the proposed Settlement eliminates the risks to the Parties of continued litigation;

(c) the Settlement does not provide undue preferential treatment to Plaintiffs or other Settlement Class Members;

(d) Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Classes;

(e) the Settlement is not contingent on the extent of compensation to be awarded to Plaintiffs' Counsel; and

(f) the $7,000,000 Settlement Amount, and the Settlement generally, appear to fall within the range of possible approval and are therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Classes.

**NOW THEREFORE, IT IS HEREBY ORDERED,** this 3rd day of February, 2026, that:

1. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as being fair, reasonable and adequate to Settlement Class Members, subject to further consideration at the Settlement Hearing.

2. **Settlement Hearing.** A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on **June 1, 2026 at 2:00 p.m., at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Courtroom 4F, Brooklyn, New York 11201** for the following purposes:

  (a)  To determine whether the proposed Settlement is fair, reasonable, and adequate to Settlement Class Members, and should be approved by the Court;

  (b)  To determine whether the Judgment as provided under the Settlement Agreement should be entered and to determine whether the releases by the Settlement Classes of the Released Plaintiffs' Claims, as set forth in the Settlement Agreement, should be provided to the Defendants' Releasees;

  (c)  To determine whether the release by the Defendants' Releasees of the Released Defendants' Claims, as set forth in the Settlement Agreement, should be provided to the Plaintiffs' Releasees;

  (d)  To determine whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;

  (e)  To consider Plaintiffs' Counsel's application for a Fee and Expense Application of an award of attorneys' fees, reimbursement of litigation costs expenses; and PSLRA Reimbursement Awards;

  (f)  To rule upon such other matters as the Court may deem appropriate.

  3.  **Certification of the Settlement Classes for Settlement Purposes.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby grants conditional certification of the Settlement Classes for settlement purposes only. Consistent with the Settlement Agreement, excluded from the Settlement Classes are (i) Defendants, (ii) the current and former officers, directors, and employees of Arqit, Arqit Limited, and Centricus (the "Excluded Persons"), (iii) members of Defendants' and Excluded Persons' immediate families, legal representatives, heirs, successors or assigns, (iv) D2BW Limited, Notion Capital Managers LLP, Notion Capital II GP LLP, NML Limited, MNL Nominees Limited, Centricus Heritage LLC, the Heritage Group, any

other entity in which Defendants or the Excluded Persons have or had a controlling interest, and (v) any Settlement Class Member who timely files a request for exclusion from the Settlement Classes in accordance with the requirements set forth by the Court below.

4. The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of Plaintiffs are typical of the claims of the Settlement Classes they seek to represent; (d) Plaintiffs and Plaintiffs' Counsel have and will fairly and adequately represent the interests of the Settlement Classes; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby preliminarily certifies Wolf Popper LLP and Levi & Korsinsky LLP as Class Counsel and Plaintiffs as Class Representatives.

6. **Approval of the Form and Manner of Notice and the Notice Program; Appointment of the Claims Administrator and Escrow Agent.** The Court approves the form, substance, and requirements of Notices and Notice Program, including the Postcard Notice, the Summary Notice, the Longform Notice, and the Proof of Claim form, annexed to the Settlement Agreement as Exhibits A-1, A-2, A-3, and A-4, respectively, and preliminarily finds that the form, content, and mailing and distribution of the Notices, substantially in the manner and form set forth in this Order, the Settlement Agreement, and papers submitted in support of the Motion, (i) meet

the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1 *et seq.*, 78u-4, *et seq.*, as amended, and all other applicable laws and rules; (ii) is the best notice practicable under the circumstances; (iii) constitute due and sufficient notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of the Fee and Expense Application, of their right to exclude themselves from the Settlement Classes, of their right to object to aspects of the proposed Settlement, and of their right to appear at the Settlement Hearing; and (iv) constitute due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement. The date and time of the Settlement Hearing shall be included in the Longform Notice, Summary Notice, and Postcard Notice before they are mailed and published, respectively.

7. The Court approves the appointment of Kroll Settlement Administrator LLC as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proof of Claim forms as more fully set forth below.

8. The Court approves the appointment of Huntington Bank as the Escrow Agent to hold the Settlement Amount in the Settlement Fund. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further Order(s) of the Court.

9. Notice of the Settlement and Settlement Hearing shall be given as follows:

   (a) **On or before February 17 2026**, Arqit shall provide or cause to be provided to the Claims Administrator and Plaintiffs' Counsel in electronic format (at no cost to the

6

Settlement Fund, Plaintiffs' Counsel, or the Claims Administrator) a list (consisting of names, mailing addresses, and, if available, email addresses) of the record purchasers of Arqit Securities during the Class Period, to the extent such lists are reasonably available from Arqit's transfer agent.

(b) **On or before March 3, 2026** (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached to the Settlement Agreement as Exhibit A-1, to be mailed by First-Class Mail, or emailed where necessary, to all Settlement Class Members who can be identified through reasonable effort. For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

(c) On or before the Notice Date, the Claims Administrator shall publish the Longform Notice and the Proof of Claim and Release, substantially in the form attached to the Settlement Agreement as Exhibits A-3 and A-4 respectively, in a form available for download (i.e. PDF) on the Settlement Website. In addition, the Claims Administrator shall also mail or email a copy of the Longform Notice and Proof of Claim and Release to any Settlement Class Member that requests one by phone, email, or mail.

(d) On or before the Notice Date, the Claims Administrator shall also post the following on the Settlement Website: (i) the Settlement Agreement; (ii) this Order; (iii) the Complaint; (iv) the deadlines for Settlement Class Members to submit claims, objections to the Settlement, and Requests for Exclusion from the Settlement; (v) the Proof of Claim and Release; and (v) the Motion, and papers filed in support therewith. In addition, once filed, the Claims Administrator shall post

7

        Plaintiff's motion for final approval of the Settlement and Fee and Expense Application on the Settlement Website.

(e)    On or before the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached to the Settlement Agreement as Exhibit A-2, to be published once over PRNewswire or a similar wire service.

(f)    **On or before May 25, 2026**, Plaintiffs' Counsel shall file with the Court and serve on Defendants' counsel proof, by affidavit or declaration, of the Claims Administrator's mailing and/or publication of the Postcard Notice, Summary Notice, Longform Notice, and Proof of Claim.

10.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who, as record owners but not as beneficial owners, held Centricus Class A ordinary shares or Centricus units as of the July 26, 2021 record date for the special meeting of shareholders held on August 31, 2021 to consider approval of the Merger or purchased or acquired Arqit Securities through the Merger or during the Class Period. Such nominees and custodians shall WITHIN SEVEN (7) CALENDAR DAYS of their receipt of the Postcard Notice either: (a) provide to the Claims Administrator the name, last known address, and email address of each beneficial owner for whom they are nominee or custodian; (b) request copies of the Postcard Notice for the Claims Administrator sufficient to send to all beneficial owners for whom they are nominee or custodian, and WITHIN SEVEN (7) CALENDAR DAYS of receipt, mail the Postcard Notice directly to all such persons or entities, or (c) request the link to the Postcard Notice and Proof of Claim and Release form from the Claims Administrator, and WITHIN SEVEN (7) CALENDAR DAYS of receipt, email the link directly to all beneficial owners for whom they are nominee or custodian. Nominees who elect to follow

procedure (b) or (c), MUST send a statement to the Claims Administrator confirming that the mailing/emailing was made as directed and keep a record of the names and mailing/emailing addresses used. Upon receipt by the Claims Administrator of proper documentation, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and email address (to the extent available) provided to the Claims Administrator; (b) $0.03 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice; or (c) $0.03 per email for emailing the Postcard Notice and Proof of Claim and Release. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

11. All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Settlement Fund and in no event shall any of the Defendants' Releasees bear any responsibility or liability for such fees, costs, or expenses. Notwithstanding the foregoing, Arqit shall be responsible for the costs and expenses of providing to Plaintiffs' Counsel and/or the Claims Administrator reasonably available transfer records for purposes of mailing notice to the Settlement Classes (as described in Paragraph 9(a) above), and for providing notice as required by the Class Action Fairness Act (as described in the Settlement Agreement).

12. Before the Effective Date, Plaintiffs' Counsel and the Escrow Agent may pay Notice and Administration Expenses in an amount up to $200,000 out of the Settlement Fund without further approval from Defendants and without further order of the Court.

13. The Claims Administrator or the Escrow Agent shall timely and properly file all federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund, to cause any Taxes due and owing to be paid from the Settlement Fund, and to

9

otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Settlement Agreement without further order of the Court.

14. **Claims Administration and Participation in the Net Settlement Fund by Settlement Class Members.** In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is approved, in accordance with the terms and conditions set forth in the Settlement Agreement, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached to the Settlement Agreement as Exhibit A-4, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, such as broker confirmations or monthly or yearly brokerage statements. The Claims Administrator or Plaintiffs' Counsel have discretion to determine whether a Claimant's submitted proof of loss is acceptable and/or whether additional evidence is required. Each Claim must be signed under penalty of perjury;

(b) All Claims must be submitted within one hundred and ten (110) calendar days after the Notice Date**, i.e., June 22, 2026**. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Settlement Agreement (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of the Settlement Agreement and the Settlement, including the terms of the Judgment and the

10

  Releases provided for in the Settlement Agreement and Judgment, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of Defendants' Releasees with respect to any Settlement Class Claim. Provided that it is mailed by the claim submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator. Notwithstanding the foregoing, Plaintiffs' Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any Class Member by reason of the exercise or non-exercise of such discretion;

(c) Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with the Settlement Agreement and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d) Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies. The Claims Administrator shall notify, in a timely fashion and in

11

writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e) If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Plaintiffs' Counsel shall thereafter present the request for review to the Court, and, if applicable, state their position as to whether the claim should be accepted or rejected.

15. Any Settlement Class Member who does not submit a valid and timely Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of the Settlement Agreement and the Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for in the Settlement Agreement and Judgment, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Settlement Class Claims.

16. Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Classes in a timely and proper manner, as hereinafter provided.

17. **Requests for Exclusion.** A putative Settlement Class Member wishing to exclude themself from the Settlement Classes shall mail by First Class Mail, send by overnight carrier, or hand deliver the Request for Exclusion to the Claims Administrator so that it is **received no later than twenty-one (21) calendar days prior to the Settlement Hearing, i.e., May 11, 2026**, to the address designated in the Longform Notice. The putative Settlement Class Members seeking to exclude themselves from the Settlement Classes shall bear the risk of delivery of the request. A Request for Exclusion must include (a) the name, address, and telephone number of the Person seeking exclusion; (b) the caption of the Action: *In re Arqit Quantum Inc. Securities Litigation*, No. 22-CV-2604 (PKC) (SDE) (E.D.N.Y.); (c) a list identifying (i) all holdings of Centricus Class A common stock or Centricus units by the Person requesting exclusion as of the July 26, 2021 record date for the special meeting of shareholders on August 31, 2021 to consider approval of the Merger, (ii) all transactions in Centricus Securities by the Person requesting exclusion between July 26, 2021 and September 2, 2021, and (iii) all Arqit Securities received by the Person requesting exclusion through the Merger and all transactions in Arqit Securities by the Person requesting exclusion during the Class Period; (d) for each transaction listed in section (c) of this paragraph, the date of each transaction and the price of each transaction; (e) documentation sufficient to evidence each holding and transaction listed in (c) and (d) of this paragraph; and (f) a statement that the Person wishes to be excluded from the Settlement Classes. Any Request for Exclusion must be in writing and signed under penalty of perjury by the beneficial owner(s) of the shares of Centricus Securities or Arqit Securities that are the subject of the Request for Exclusion.

13

18. All Persons who submit valid and timely Request for Exclusion in the manner set forth in Paragraph 17 and in the Longform Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final judgment.

19. **Objections to the Settlement.** Any Settlement Class Member that does not request exclusion from the Settlement Classes may file objections to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application. Any such objections and any supporting papers shall be **filed with the Court at least twenty-one (21) calendar days prior to the Settlement Hearing, i.e., May 11, 2026,** and also delivered by hand, or First-Class Mail, or overnight carrier to Joshua W. Ruthizer, Wolf Popper LLP, 845 Third Avenue, 12th Floor, New York, NY 10022, by that same date.

20. Any objections, filings, and other submissions by an objecting Settlement Class Member must: (a) state the name, address and telephone number of the Settlement Class Member objecting and must be signed personally under penalty of perjury by the Settlement Class Member; (b) state the caption of the Action: *In re Arqit Quantum Inc. Securities Litigation*, No. 22-CV-2604 (PKC) (SDE) (E.D.N.Y.); (c) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the Settlement Classes, or to all Settlement Class Members; (d) contain a list identifying (i) all Centricus Class A common stock or Centricus units held by the objecting Settlement Class Member as of the July 26, 2021 record date for the special meeting of shareholders on August 31, 2021 to consider approval of the Merger, (ii) all transactions in Centricus Securities by the objecting Settlement Class Member between July 26, 2021 and

14

September 2, 2021, and (iii) all Arqit Securities received by the objecting Settlement Class Member through the Merger and all transactions in Arqit Securities by the Objecting Settlement Class Member during the Class Period; (e) for each transaction listed in section (d) of this paragraph, state the date of each transaction and the price of each transaction; (f) include documents sufficient to prove membership in the Settlement Classes, including documents sufficient to prove all of the objecting Settlement Class Member's holdings and transactions in Centricus Securities and Arqit Securities set forth in sections (d) and (e) of this paragraph, the dates of the transactions, the number of shares purchased or sold or held, and the price paid or received for such purchase or sale.

21. Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application or Fee and Expense Award, are required to indicate in their written objection their intention to appear at the Settlement Hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

22. Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein and in the Longform Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Allocation, or to the Fee and Expense Application or Fee and Expense Award, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary.

23. **Transmission of Requests for Exclusion and Objections to Plaintiffs' Counsel and Defendants' Counsel.** The Claims Administrator shall scan and send electronically copies of all Requests for Exclusion and objections to the Settlement Agreement, Settlement, the Plan of Allocation, or the Fee and Expense Application, in PDF format (or such other format as shall be agreed), to Defendants' Counsel and to Plaintiffs' Counsel, within five (5) calendar days of the Claims Administrator's receipt of such requests for exclusion or objections. If a Request for Exclusion or an objection is received by Plaintiffs' Counsel, then Plaintiffs' Counsel shall transmit such Request for Exclusion or objection to Defendants' Counsel within five (5) calendar days of receipt.

24. **Plaintiffs' Provision of Request for Exclusion Information to Defendants' Counsel.** No later than fifteen (15) calendar days prior to the Settlement Hearing, Plaintiffs' Counsel shall provide to Defendants' Counsel copies of all Requests for Exclusion.

25. **Schedule for Filing of Motion for Final Approval and Fee and Expense Application.** Plaintiffs' Counsel shall submit their papers in support of final approval of the Settlement, the Plan of Allocation, and any Fee and Expense Application, by no later than April 27, 2026, and any reply papers shall be filed and served no later than May 25, 2026.

26. **Other Matters.** The Defendants' Releasees shall have no responsibility or liability for the Plan of Allocation or any Fee and Expense Application submitted by Plaintiffs' Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

27. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Counsel and any Fee and Expense Application should be

16

approved. The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan of Allocation or a Fee and Expense Application.

28. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and Defendants' Releasees, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts Released Claims against any Released Party.

29. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement or this Order. Pending final determination of whether the Settlement should be approved, neither the Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of the Released Plaintiffs' Claims against any of the Defendants' Releasees in any action or proceeding in any court or tribunal.

30. All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Plaintiffs' Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶ 7.1-7.2 of the Settlement Agreement.

31. If (a) the Settlement is terminated by Arqit pursuant to the Settlement Agreement; or (b) any specified condition to the Settlement set forth in the Settlement Agreement is not satisfied and Plaintiffs or Arqit elects to terminate the Settlement as provided in the Settlement Agreement, then, in any such event, the terms of the Settlement Agreement shall apply, and this Order shall be null and void, of no further force or effect, without prejudice to any Party, and may

not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each Party shall be restored to their respective position in this Action as it existed prior to January 9, 2026.

32. Neither this Order, the Settlement Agreement (whether or not approved or consummated), nor their negotiation, nor any proceedings taken pursuant to them: (i) shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Parties (provided, however, that if the Settlement Agreement is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement); (ii) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; or (iii) shall be construed against the Plaintiffs or the Settlement Classes to argue that any of their claims are without merit.

33. The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

34. The Court reserves the right to approve the Settlement, including, if appropriate, with any such modifications as may be agreed to by the Parties, without further notice to the

Settlement Classes. The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Action on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or any part of the Fee and Expense Application.

                                              SO ORDERED.

                                              */s/ Pamela K. Chen*
                                              Pamela K. Chen
                                              United States District Judge

Dated: February 3, 2026
       Brooklyn, New York