**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ARQIT QUANTUM INC. SECURITIES LITIGATION | Case No. 22-cv-02604-PKC-SDE |

**FINAL APPROVAL ORDER**

WHEREAS, the above-captioned action (the "Action") is pending in this Court;

WHEREAS, On June 5, 2023 the Court appointed Plaintiff Chris Weeks as Lead Plaintiff ("Weeks" or "Lead Plaintiff") and Wolf Popper LLP as Lead Plaintiff's counsel;

WHEREAS, Lead Plaintiff is joined by Plaintiff Walter Littlejohn III ("Littlejohn" or "Named Plaintiff," and collectively with Lead Plaintiff, "Plaintiffs"), who are represented by Levi & Korsinsky, LLP (collectively with Wolf Popper LLP, "Plaintiffs' Counsel");

WHEREAS, this Action is pending against (a) Defendant Arqit Quantum Inc. (the "Company") (formerly known to investors as Centricus Acquisition Corp. ("Centricus")) and (b) Defendants David Williams, Nick Pointon, Carlo Calabria, Stephen Chandler, Manfredi Lefebvre d'Ovidio, Lt. General VeraLinn Jamieson (Ret.), Garth Ritchie, and Gen. Stephen Wilson (Ret.) (the "Individual Defendants" and collectively with the Company, "Defendants");

WHEREAS, Plaintiffs, on behalf of themselves and the other members of the Settlement Classes (as defined in paragraphs 3–5, below, and also referred to herein as "Settlement Class Members") and Defendants have entered into a Stipulation and Agreement of Settlement dated January 9, 2026 ("Settlement Agreement"), that provides for a cash payment of $7,000,000 to the Settlement Classes as consideration for a complete dismissal with prejudice of this Action and all Released Claims against the Released Parties (as those terms are defined below), and on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court;

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated February 3, 2026 (the "Preliminary Approval Order," Dkt. 97), this Court: (i) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (ii) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (iii) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Classes or to object to the proposed Settlement; and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class Members;

WHEREAS, the Court conducted a hearing on June 1, 2026 (the "Settlement Hearing"), to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Classes, and should therefore be approved; and (ii) whether a judgment should be entered dismissing with prejudice this Action and all Released Claims against the Released Parties; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, and the record in this Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of this Action, and all matters relating to the Settlement, as well as personal jurisdiction over all Plaintiffs and Defendants and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement; (b) the Notice of Pendency and Proposed Settlement

of Class Action ("Longform Notice"); (c) the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"); (d) the Postcard Notice of Proposed Settlement of Class Action (the "Postcard Notice,"); and (e) and the Proof of Claim and Release form ("Claim Form"), copies of which were filed with the Court on January 9, 2026, and February 3, 2026 as parts of Dkts. 93 and 96.

3. **Class Certification** – Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court hereby certifies this Action as a class action for purposes of this Settlement only and certifies the Settlement Classes for purposes of this Settlement only. The Settlement Classes are:

a. "Section 14(a) Class": all beneficial holders of Centricus securities as of the July 26, 2021 record date for the special meeting of shareholders held on August 31, 2021 to consider approval of the merger between Arqit Quantum and Centricus (the "Merger"), which resulted in the public listing of Arqit Quantum's ordinary shares and warrants on the NASDAQ Global Markets exchange ("NASDAQ") on September 7, 2021;

b. "Section 10(b) Class": all persons or entities who purchased or otherwise acquired Arqit Quantum securities in connection with the Merger or on a U.S. stock exchange between September 7, 2021 and December 13, 2022, inclusive (the Class Period); and

c. "Securities Act Class": all persons or entities who purchased or otherwise acquired Arqit Quantum securities pursuant or traceable to the effective "Registration Statement" and "Prospectus" (collectively the "Offering Materials") filed with the SEC for the September 2, 2021 Offering of Arqit Quantum securities in connection with the Merger.

For the avoidance of doubt, a Settlement Class Member could be a member of more than one Settlement Class.

4. The Court finds that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Classes which predominate over any individual question; (c) the claims of Plaintiffs are typical of the claims of the Settlement Classes; and (d) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Settlement Class Members individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. **Exclusions from the Settlement Classes** – Excluded from the Settlement Classes are Defendants, the current and former officers, directors, and employees of Arqit Quantum, Arqit Limited, and Centricus, (the "Excluded Persons"), members of Defendants' and Excluded Persons' immediate families, legal representatives, heirs, successors or assigns, D2BW Limited, Notion Capital Managers LLP, Notion Capital II GP LLP, NML Limited, MNL Nominees Limited, Centricus Heritage LLC, the Heritage Group, any other entity in which Defendants or the Excluded Persons have or had a controlling interest.

6. **Adequacy of Representation** – The Court finds that Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the Settlement Classes both in terms of litigating this Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g)(4), respectively.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Wolf Popper LLP and Levi & Korsinsky LLP as Class Counsel and Plaintiffs as Class Representatives.

8. **No Objections or Requests for Exclusion** – No objections to any part of the Settlement, the Plan of Allocation, or the Fee and Expense Application were filed on the docket in this Action or otherwise received by the Court, Plaintiffs' Counsel, or Defendants' Counsel. No Requests for Exclusion from the Settlement were received by the Court, the Parties, the Claims Administrator, Plaintiffs' Counsel, or Defendants' Counsel.

9. **Notice** – The Court finds that the method of mailing the Postcard Notice and of disseminating the Longform Notice, the Summary Notice, the Settlement Website, and the Claim Form: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) the Fee and Expense Application; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application; (v) their right to exclude themselves from the Settlement Classes; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice of all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.

10. Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq*. ("CAFA"). Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

11. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23(e)(2), this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in this Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Classes. Specifically, the Court finds that:

a. said Settlement Agreement and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Classes;

b. Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Classes;

c. The Settlement was negotiated at arm's-length with the assistance of an experienced mediator, and there was no collusion in connection with the Settlement Agreement;

d. The Settlement Agreement was the product of informed, arm's-length negotiations among competent, able counsel;

e. The relief provided for the Settlement Classes is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Classes, including the method of

processing the Settlement Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

f. The proposed Plan of Allocation treats Settlement Class Members equitably relative to each other;

g. No objections to the Settlement or the Plan of Allocation were filed by Settlement Class Members; and

h. The record is sufficiently developed and complete to have enabled Plaintiffs and Plaintiffs' Counsel to have adequately evaluated and considered their positions.

12. This Action and all of the claims asserted against Defendants in this Action by Plaintiffs and the Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

13. The Court finds that Defendants have satisfied their financial obligations under the Settlement Agreement by paying or causing to be paid **$7,000,000** in cash to the Settlement Fund, in accordance with paragraphs 5.1–5.2 of the Settlement Agreement.

14. **Binding Effect** – The terms of the Settlement Agreement and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual member of the Settlement Classes submits a Claim Form or seeks or obtains a distribution from the Settlement Fund), as well as their respective successors and assigns.

15. **Releases** – The Releases set forth in paragraphs 4.1–4.4 of the Settlement Agreement, together with the definitions contained in paragraphs 1.56–1.60 of the Settlement

Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a. Without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs' Releasees, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees, in any court or other forum, regardless of whether such claims are currently pending.

b. Without further action by anyone, upon the Effective Date of the Settlement, Defendants' Releasees, shall be deemed to have, and by operation of law and of the Judgement shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiffs' Releasees, in any court or other forum, regardless of whether such claims are currently pending.

16. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of this Action.

17. **No Admissions** – This Judgment or the Settlement Agreement (whether or not consummated), including their exhibits and the Plan of Allocation contained therein (or any other

plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Agreement, and any proceedings taken pursuant to or in connection with the Settlement Agreement, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a. shall not be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted in this Action or in any other litigation, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

b. shall not be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such

proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

c. and shall not be construed against any of Defendants' Releasees or Plaintiffs' Releasees (collectively, the "Released Parties") as an admission, concession, or presumption that the consideration to be given under the Settlement Agreement represents the amount which could be or would have been recovered after trial;

d. provided, however, that the Parties and the other Released Parties and their respective counsel may refer to this Judgment and the Settlement Agreement to effectuate the protections from liability granted under this Judgment and the Settlement Agreement or otherwise to enforce the terms of the Settlement.

18. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Plaintiffs' Counsel's request for attorneys' fees; (d) any motion to approve or amend the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to this Action.

19. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of the Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

20. **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreement, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of August 25, 2025, as provided in the Settlement Agreement.

21. **Fee and Expense Award** - The Court hereby grants Plaintiffs' Counsel's Fee and Expense Application and awards Plaintiffs' Counsel a Fee and Expense Award of attorneys' fees of 33.33% of the Settlement Fund, or $2,333,333 plus expenses in the amount of $151,828.81, together with the interest earned on both amounts for the same period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

22. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Plaintiffs' Counsel immediately upon execution of this Final Judgment and subject to the terms, conditions, and obligations of the Settlement Agreement, and in particular, paragraph 8.3 thereof, which terms, conditions, and obligations are incorporated herein.

23. In making this award of fees and expenses to Plaintiffs' Counsel, the Court has considered and found that:

a. the Settlement has created a fund consisting of $7,000,000 in cash, and numerous Settlement Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Plaintiffs' Counsel;

b. at least 39,482 copies of the Postcard Notice were disseminated to potential Settlement Class Members indicating that Plaintiffs' Counsel would move for attorneys' fees in

an amount not to exceed one third of the Settlement Amount and for expenses in an amount not to exceed $175,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Settlement Class Members;

c. Plaintiffs' Counsel pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

d. Plaintiffs' Counsel expended substantial time and effort pursuing the Litigation on behalf of the Settlement Classes;

e. Plaintiffs' Counsel pursued the Litigation entirely on a contingent basis;

f. the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

g. had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Classes may have recovered less or nothing from Defendants;

h. Plaintiffs' Counsel represented that they have devoted over 3,858 hours, with a lodestar value of $3,058,707.50 through February 3, 2026, to achieve the Settlement;

i. public policy concerns favor the award of reasonable attorneys' fees; and

j. the attorney's fees and expenses awarded are fair and reasonable.

24. Pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(4), 15 U.S.C. § 77z-1(a)(4), the Court grants awards of reasonable costs and expenses (including lost wages) directly relating to the Plaintiffs' representation of the Settlement Classes to the Plaintiffs in the following amounts:

a. Lead Plaintiff Weeks: $7,500; and

b. Named Plaintiff Littlejohn: $5,000.

25. The Court finds and concludes that the Plan of Allocation for the calculation of the claims of Authorized Claimants which is set forth in the Longform Notice provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Authorized Claimants, with due consideration having been given to administrative convenience and necessity.

26. This Court finds and concludes that the Plan of Allocation, as set forth in the Longform Notice, is, in all respects, fair and reasonable and the Court approves the Plan of Allocation.

27. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly and respectfully directed to immediately enter this final judgment in this Action.

**SO ORDERED**

Date: June 2, 2026
Brooklyn, New York

*/s/ Pamela K. Chen*
The Honorable Pamela K. Chen
United States District Judge